## ADMINISTRATOR WITHOUT INTEREST IN ANNUITY BONDS.

Court of Appeals for Hamilton County.

MARK A. CRAWFORD, ADMINISTRATOR, v. THE FOREIGN CHRISTIAN MISSIONARY SOCIETY; AND MARK A. CRAWFORD, ADMINISTRATOR, v. THE AMERICAN CHRISTIAN MISSIONARY SOCIETY.

Decided, March 8, 1915.

*Gifts—Donations to a Religious Society—Evidenced by Bonds Upon Which Annuities Were Paid—Held to Have Been Executed Gifts.*

Donations made by the decedent to the defendant society, receipted for by papers denominated annuity bonds and which recite that such donations are executed gifts to the society and are to belong to such society from the date thereof without any account or liability therefor, and which contain an agreement to pay an annuity to the donor during his lifetime, and such annuities being paid to the time of the donor's death, are in fact executed gifts in which the administrator of the donor has no interest.

*W. C. Lambert* and *Guy W. Mallon*, for plaintiff in error.
*Galvin & Galvin* and *H. A. Bayless*, contra.

CHITTENDEN, J.

Plaintiff below, Mark A. Crawford, as administrator of the estate of John F. Davis, deceased, began suit in each case to recover an amount of money which it was alleged the defendant had received for the benefit of the deceased or his estate. The defendants are religious organizations formed for the purpose of promoting the Christian religion.

It appears that at various times from 1897 to 1909, Mr. Davis had given various sums to these organizations, amounting in the aggregate to more than $30,000. Upon receipt of a given amount the societies issued to him a paper denominated an annuity bond. These bonds, in substance, recite that Mr. Davis had donated to and paid into the treasury of the society a specified amount of money, and recite that such sum so donated by him is to be considered as an executed gift to said society and to belong to said society from this date, without any account or liability therefor. It is further provided in the bonds that the society should pay an annuity of a given amount, in semi-annual payments, such payments to cease upon the death of the donor. These annuities ranged from four to six per cent. on the amount of the donation.

Without undertaking to discuss in detail the interesting arguments of counsel, we will state that it is our conclusion that the transaction constituted an executed gift, and that the paper issued by the society and denominated an annuity bond is a complete and specific declaration that it is a completed and executed gift. Such paper not only constitutes a declaration on the part of the society that it is receiving the money as a gift, but it is likewise a declaration upon the part of the donor who accepted these bonds and retained them during his lifetime. Whether the agreement upon the part of the society to pay the annuities could have been enforced by the donor, need not here be considered, because the societies did in fact pay to the donor such annuities until the time of his death.

Entertaining the views above announced, it follows that the judgments should be, and the same are hereby affirmed.

RICHARDS, J., and KINKADE, J., concur.